Case call for oral argument is Shasteen v. Shelby Memorial Hospital and notice we're going to have the benefit of a number of arguments and I assume you've split them up adequately, clearly among yourselves. Okay, counsel? Thank you, Dave. Thank you, Clark. Counsel, my name is Ken Heller. I'm here on behalf of the plaintiff, in this case. The interesting argument in this case in the trial court was that where a plaintiff has the medical record, the actual language of the statute doesn't apply. The argument was the plaintiff got the records two years earlier, so the provision for the 90-day extension to file a certificate of merit doesn't apply. That argument is not contained in the rule. No case has ever set forth that position, but that was the position that the defendants took both in the case when it was filed initially and when it was subsequently refiled. And then they also argued on refiling that the 90-day extension period does not apply upon the refiling of a suit. In the brief of the, I believe it was Dr. Levine, acknowledged that the Okasik case is contrary, that in fact the 90-day statute does apply upon a refiling. That provision was eliminated as a result of the Tort Reform Act and the Best v. Taylor machine. So I don't think there's any serious argument that the plaintiff is entitled to the benefit of the 90-day extension to file a certificate of merit where a case is voluntarily, or it's refiled after a voluntary non-suit. And the question is, is there really any merit to some rule that the affidavit of plaintiff counsel is other than what the statute says? If the counsel says I haven't been able to file it, get a review because the statute's about to run, does that apply if he's had the records for two years? What if it's a year and a half? What if it's a year? The statute doesn't address any of that and there's absolutely nothing that would indicate that that was the case. And yet the court and the defendants have really gone on to that, that we had the records for two years. There might be a million reasons why counsel didn't have the case reviewed. The family might have wanted to see the records and then not elected to go forward until about the time the statute's run. Counsel could be busy doing other things, representing prisoners, for example, that don't get treatment for hepatitis C. But none of that's in the statute and there's nothing that requires the court to make any inquiry in that regard. In this case, when the case was refiled, a certificate of merit was in fact filed within the 90 days by Dr. Snow. And then the argument was and the motion to strike was, well, it wasn't filed in the right way. It was filed with a certificate of filing as opposed to filing a whole new amended complaint. If the purpose of the statute is to bar frivolous suits as opposed to raise technicalities to make these cases harder to get along, then if in fact there is something that's important about whether the report is filed with an affidavit, whether the first amended complaint is filed, then if we're going to resolve the case on the merits, plaintiffs should have been granted leave to file an amended complaint with a certificate. But the certificate was filed. It was in the hands of everyone within the 90-day period of time. If there was a defect, the cases have said that the appropriate thing to do is to look at the affidavit and allow counsel a chance to amend it, to submit an amended certificate if that's the problem. But in this case, it's clear from the court's ruling, it's clear from the motions that were filed that the court was fixating on the fact that the records had been in the plaintiff's possession for a long period of time prior to the filing of the complaint in the initial instance and prior to the filing of the affidavit on the second. And there's simply no support and there's no case cited in any of the briefs that make that the standard. And the court shouldn't make that the standard because then we'd have to have evidentiary hearings on whether the affidavit of plaintiff's counsel seeking the extension meets somewhat objective or is it a subjective standard. The legislature could have done that. They could have said if you get the records more than 90 days before the statute runs, you can't use this provision or only upon good cause found by the court. None of that's in the statute. So as the statute is written, where the plaintiff's counsel files an affidavit and says I haven't had time to get it reviewed, he's entitled to 90 days to file a certificate, and it was in this case. Therefore, the court's decision to dismiss this case, and it really was a sweeping, I'm tired of this case, you had plenty of time, you had the records for two years, and I'm just going to dismiss everything. There isn't any way, you don't see any way, well, it would work some prejudice to allow counsel to file an amended complaint. It would allow, it would be difficult for the plaintiff to prove or to elect Wilson and Lawton on behalf of the ambulance because it took three hours to get from Shelbyville to Decatur, a distance of 30 miles or so. It was your position there that you should have been given an opportunity to amend? Yes. Because clearly the trial court didn't dismiss the ambulance service just on the 2-622. It was based on a plea to Wilson and Lawton. Right. And same thing with Dr. Levine. I think it's pretty clear from the court's order that the dismissal was there because he had not been converted from responding in discovery. And the court looked at the Hughley case. I think it's clear that the court said those things, but I think it's also clear that the trial court really dismissed it because of the argument that Levine made in the original instance that the plaintiff had these records. But the court is in error when it talks about Hughley because in Hughley, the respondent to discovery had already been dismissed to the underlying case before the non-suit was taken. And the appellate court said, hey, wait a minute. If the one-year statute doesn't revive or bring back life to someone who's already been dismissed, you're going to have to live with it. That wasn't the case here. Levine was never dismissed from the underlying case. There was never any ruling that the six months that had expired prior to the time of the voluntary non-suit, he was still a party, he was still a respondent to discovery at the time the non-suit was taken. So this is not like Hughley at all. The court's suggestion... So is it your argument then that the time on respondent and discovery is suspended after it's non-suited until it's refiled? It is, yes. And do you have any authority – you didn't cite any authority for that in your brief, did you? There isn't anything to suggest otherwise. The argument would be, of course, had it been refiled exactly as it had been filed in the first instance, that is, that Dr. Levine had been a respondent to discovery, and then we'd come in and said, okay, now let's convert him. And there are cases to that effect. So I don't think there's any cases that say that that – there are no cases that say that during the time of the non-suit, that one-year window, that somehow that six months continues to run. Any questions? I think they've been asked. Thank you, counsel. Counsel? Thank you, Your Honor. May it please the Court, counsel? I represent Dr. Agapito at Shelby Memorial Hospital and will argue that portion as it relates to my client. The plaintiff does not, in fact, address the ruling of Judge McCaney in why he allowed the motion to dismiss. The trial court made a finding that the plaintiff did not comply with 2-622 by timely and properly filing the required attorney affidavit of consultation with the appropriate reviewing health care professional reports being attached. They did not address that point either in the opening brief or the reply brief or here. The ruling by the trial court was that there, regardless of whether he was entitled to the 90 days, never really addressed that issue. But the ruling was that there was a lack of the required compliance, which compelled, therefore, the dismissal. And the court didn't address the present argument of the plaintiff that she was entitled to the 90-day extension. Contrary to what Mr. Eller has suggested and argued, that was not the ruling or the finding by Judge McCaney because when they didn't comply with the 90 days, it took effectively that issue away from the judge. He didn't need to consider it. In this instance, the plaintiff and her counsel did not file the required certificate of compliance. When they filed this complaint, they asked for the 90 days. That was challenged under all of the circumstances. But then, within the 90 days as required by the statute, no certificate or no affidavit of compliance in consultation was filed. Nor did, and as a result, there were no reports attached as required by Section 2 of 622. What happened was there was just a submission with a certificate of service within the 90 days of a letter from Dr. Snow without any indication that it was consultation or anything of that nature. And significantly, as my client, Dr. Agapito, as Dr. Snow's letter, there is no reference at all to Dr. Agapito. The trial court found that and also indicated that that was not a proper report in the fashion that the 2.622 requires. Later and after the 90 days had run, a document was filed again, submitted of a nurse per. That document is not addressed to anyone. It is not signed by a nurse per. And the court found that beyond the fact that it was filed after the 90 days without being attached to the attorney affidavit, it was not from a medical doctor as required by the Schenck case from this court. It was by a nurse. So it's an improper reviewing health care professional report. And when you look at it, all it does is suggest that she thinks there may be a meritorious cause of action, and research should be done as to whether there was any deviations from the standard of care. So it's not a proper report that way. I think the court or the order could be read to suggest that if the court did address the 90-day affidavit, the court might very well have found that under these circumstances of plaintiff having a record for three and a third years, having prior filed a medical negligence case and taken the voluntary dismissal, and then refiling, asking another 90 days with no explanation at all as to why, that that was significant to the judge. But it was not the basis for the ruling. The basis for the ruling, again, was the non-compliance within 90 days of filing the affidavit. Mr. Heller makes suggestions as to why someone might not do or might not comply, but hasn't indicated here why he did not comply even though he had the records. And there is a comment in his brief about a criminal charge against a defendant or respondent for narcotic trafficking or child pornography. There is nothing in the record that supports that suggestion. There is nothing at all. That, in my opinion, that slanderous comment should be expunged from the record and certainly disregarded because there is nothing to support it. And as far as Dr. Agustino, my client, is concerned, it is not correct. But even if it were true, it would have no relevance to any of the issues here of the claimed medical negligence. It would have no relation at all to that. The point of the matter is that the trial judge looked at the record, found the failure of the plaintiff to comply with the various statute provision, which they asked, the 90-day extension, didn't comply with it. So they didn't have to worry about whether he should or shouldn't have done it because he didn't comply in the first place. Judge McKinney gave serious and considered thought to the particular facts and the circumstances to reach the decision. And I think when you read his detailed and extensive order, you'll find that it was within his sound discretion to rule as he did. And I ask that that decision be affirmed. Thank you. Thank you, counsel. Excuse me, counsel. My name is Robin Fox, and I represent Dr. Levine in this action. The claims against Dr. Levine were dismissed on two bases. One was the failure to comply with 622, and the other was the failure to timely bring an action against Dr. Levine. The statute of limitations barred this present action. I will not repeat the arguments that Mr. Corn has gone through about the problems with the affidavit. Instead, I will focus my time on the respondent and discovery issues. It is our position that the trial court did not err in finding that the action and the claims against Dr. Levine were barred by the statute of limitations. The standard of review for this dismissal would be de novo. Plaintiff does not dispute the factual findings of the trial court that the first action was brought one day before the statute of limitations ran and that that action did not name Dr. Levine as a defendant. It named him as a respondent in discovery. Nor does plaintiff dispute the fact that Dr. Levine was never converted to a defendant in that first action. Nor does plaintiff dispute that he voluntarily dismissed that action and then refiled it approximately one year later. There is no dispute that the claim against Dr. Levine that was brought in the second lawsuit is barred by the two-year statute of limitations, and plaintiff's only argument is that the saving statute would somehow save this action against Dr. Levine. The trial court properly dismissed the claims against Dr. Levine as being barred because a respondent in discovery is not a defendant to an action and is not a party to an action. The Illinois Supreme Court has so ruled and so has the Illinois appellate courts. In fact, this court ruled so in Murphy v. Anton. A respondent in discovery, the courts have viewed that this is a special statute that allows for discovery but does not give that person the status of a party, that there's no action pending against them and therefore there can be no action dismissed voluntarily and therefore that statute does not apply to a respondent in discovery. And the courts have also held that the saving statute does not apply because the respondent in discovery status is not an action against that individual. Because no action was brought against Dr. Levine within the statute of limitations, the saving statute simply does not apply. The case that the trial court relied on, Bukley v. Alcatraz, is on point. In that case, there were three respondents in discovery and two of them were dismissed during the pendency of the first case. There was a third respondent in discovery in that case. And when the case was terminated and refiled, there was a motion to dismiss file based on the statute of limitations. The court found that the case was barred because the first action did not trigger the saving statute. They said in order for the saving statute to apply, there has to be a timely action brought within the statute of limitations. That did not occur here as it did not occur in Bukley. There was no timely action brought against Dr. Levine. Plaintiffs' reliance on the briefs on Hamilton is misplaced. In Hamilton, the court was considering the Motor Vehicle Financial Franchise Act. And whether or not the saving statute applied to statutory causes of action. It did not overrule Bukley. Bukley should be read to extend to all statutory causes of action. We declined to follow it. But it did not overrule it. And it did not involve a respondent in discovery as is the case here and the case in Bukley. Finally, the case of Anderson, which the plaintiffs rely on, is also distinguishable from the present case. There was no motion to dismiss based on the statute of limitations. There was only a motion to dismiss based on the lack of due diligence in obtaining the service. In fact, the court pointed out that its decision was not inconsistent with Bukley, but it was not considering that issue because it was premature in that there was no issue brought before the court. So for all these reasons, especially for the holding of Bukley, we would ask that the trial court's decision dismissing the action against Dr. Levine be affirmed. Thank you, counsel. Counsel? Thank you, Your Honor. Counsel? My name is Craig Unrath. I represent Shelby Ambulance Service. I'll keep my remarks brief. We have no argument in the initial brief addressing my client. Under Rule 341, this is a waiver. The plaintiff may not, the appellant may not raise this issue at oral argument or petition for rehearing, or in a reply brief. Now, the issue against my client appears to have been raised in the reply brief, and I say appears because we were misnamed. So we've never really, the ambulance service has never really been named in this appeal. But I'd like to note that there was no case law authority raised in support of that apparent argument. This, too, constitutes a waiver of the issue on appeal. Finally, as to the merits under the Emergency Services, Medical Services Systems Act, plaintiff was required to plead willful in lawful conduct. He did not do so in the initial complaint or the refiled complaint. And when the judge denied his motion to amend the complaint, he noted that the amended complaint would not have cured that defect. And that concludes my argument. Thank you very much. Okay. Thank you, counsel. Rebuttal. Thank you. First of all, it relates to Mr. Corr's statement that the record doesn't support convictions by a defendant. I believe that the public record would indicate that during the interim, Dr. Jack Levine was arrested and charged with both narcotics violations and pornography charges in West Virginia and Ohio. So her counsel suggests there's nothing to support that statement. That's not accurate. Secondly, Mr. Corr's brief doesn't address anywhere the issue of whether this is a de novo review or abuse of discretion. All of the other briefs indicate to you that this is a de novo review, whereas if, in fact, the argument that Mr. Corr is now making is that the trial court exercised its discretion in not allowing the plaintiff to amend to rectify what he considers to be an improper filing of a certificate, that hasn't been addressed by any of the parties because no one really believed, based upon the order that Judge McHaney entered, that he was exercising any discretion in saying that the certificate of merit was bad or that the filing, you know, because that could have been corrected. I think the case laws lead to that. Given that there had been no previous certificates of merit, the trial court should have granted plaintiff leave, as was requested, if there was a problem with the certificate to file an amended certificate or to file an amended affidavit rectifying the alleged improprieties in terms of the filing. It was filed as a certificate of service. It was served upon the parties. Counsel said it should have had another affidavit with it or it was somehow improper. That certainly is something that could have been rectified, and none of the briefs really direct the court's attention to that because that isn't what Judge McHaney was really ruling. Counsel argues that the case law, and Your Honor asked about the case law, we cited in our reply brief the Anderson case, which does talk about the refiling with the respondent discovery, and in Anderson there hadn't even been service upon the respondent discovering the underlying case. I believe that that is, in fact, correct in this particular case, as is the Coyne case, which was also cited in the reply brief. So it's our position that in terms of the law, the de novo review, which the court would make as the defendants and the plaintiff have directed, that in fact the law is, as plaintiff suggests, that the plaintiff was entitled to the 90-day period of honorary filing and that the court really was basing this dismissal on the fact that he thought that there was a requirement that there be some showing in terms of the 90-day extension. I think everybody now acknowledges there's not, the court was wrong in that regard, and that had the court followed that approach, that it would have granted or should have granted the plaintiff to file an amended certificate or to refile a certificate that did file along with any other curative documents so the matter could be decided on the merits and not on the technicality. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. The case will be taken under advisement. The court will be in a short recess.